**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **V.** | § | **EP-24-CR-1931(1)-LS** |
| | § | |
| **JORGE LUIS SANTANA RIOS** | § | |
| | § | |

**DEFENDANT'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

TO THE HONORABLE LEON SCHYDLOWER, DISTRICT JUDGE OF THE UNITED STATES FOR THE WESTERN DISTRICT OF TEXAS:

Jorge Luis Santana Rios ("Mr. Rios"), by and through his attorney, files these Objections to the Magistrate Judge's Report and Recommendation on his Motion to Suppress ("R&R," Doc. No. 54). The R&R granted in large part Mr. Rios's Motion, and only denied relief with respect to a select few discrete issues. While Mr. Rios agrees with the vast majority of Judge Berton's R&R and urges the Court to adopt most of its reasoning, there are two small points Mr. Rios specifically objects to:

1) It is clear under Fifth Circuit caselaw that Mr. Rios has standing to suppress the passengers' statements. As fruit of the poisonous tree, they should be suppressed.

2) There is a circuit split on whether identity evidence can be suppressed. While identity evidence is not suppressible under Fifth Circuit caselaw, Mr. Rios objects to this portion of the R&R to preserve the argument for possible appeal.

Nothing about these objections should be construed as waiver or forfeiture of other arguments, including on issues not reached by the R&R, and Mr. Rios re-urges and incorporates all his prior briefing for preservation purposes.

**A. <u>Background</u>**

On October 8, 2024, Mr. Rios moved this Court to suppress the fruits of his illegal detention and seizure based on a prolonged detention in violation of *Rodriguez v. United States*, 575 U.S. 348 (2015) and insufficient evidence that the K9 had alerted to Mr. Rios' vehicle. Doc. Nos. 24 and 25. On October 21, 2024, the Government responded, claiming that neither the prolonged stop nor the vehicle search was unlawful, based on the legally-foreclosed theory that when probable cause exists to arrest for a traffic violation the "limits on a *Terry* stop" no longer apply. Doc. No. 26 at p. 2. Thereafter, Mr. Rios filed a reply re-urging the arguments in his initial Motion to Suppress and demonstrating that the Government's response is not supported by current caselaw. Doc No. 27.

A suppression hearing was held on November 25, 2024 in which El Paso Police Department officers Sabrina Gonzalez and Ryan McKenzie testified. Doc. No. 38. At the hearing, Judge Berton asked the parties to prepare a Joint Stipulation of Facts and to file a separate briefing laying out any factual disagreements. *See* Doc. No. 43, Exhibit A at p. 205. The parties filed an Amended Joint Stipulation of Facts on December 6, 2024. Doc. No. 43. Defense Counsel added an addendum to the Joint Stipulation, laying out why the K9's actions could not be classified as an alert. *Id*. The Government filed its addendum soon after, arguing that these actions were alerts. Doc. No. 44.

On January 31, 2025, Magistrate Judge Berton issued an R&R to the District Court recommending that Mr. Rios' Motion be granted in part and denied in part. Doc. No. 54. Judge Berton found that, while the traffic stop was justified at its inception, it was impermissibly prolonged as the officers had no reasonable suspicion that criminal activity was afoot. *Id.* at pp. 26-45. Judge Berton easily rejected the government's request to circumvent binding Fifth Circuit precedent by applying something other than the *Terry* standard. *Id*. at p. 23 n. 68. Judge Berton

also found that the officers' actions were not sufficiently related to the reason for the stop. *Id.* at pp.45-48. Finally, Judge Berton found that the officers did not have probable cause when they searched the vehicle. *Id.* at pp. 48-52. As a result, the Court found that all pertinent evidence, including the gun, and Mr. Rios' phone and statements should be suppressed. *Id.* at pp. 52-54. Judge Berton did not need to reach other issues, such as whether the K9 actually alerted. *Id*. at p. 16 n.49. Mr. Rios concurs with all of these findings and urges the Court to adopt them in their entirety.

However, Judge Berton also found that the passengers' statements and any identity information should not be suppressed. *Id.* Mr. Rios objects to these limited findings only, for the reasons stated below:

**B. Objections**

**a. A driver has standing to suppress *all* fruits of his unlawful seizure, including his passengers' statements, and all such fruits should be suppressed in this case.**

The R&R declines to suppress the statements by the passengers in Mr. Rios's car, reasoning that Mr. Rios lacks standing to suppress them. Doc. No. 54 at p. 53. The government did not make this argument and the R&R's reasoning is erroneous, because defendants need not show independent standing for the *fruits* of their unlawful seizures.

Mr. Rios need not establish standing to challenge the specific fruits of his unlawful detention. All evidence derived from the exploitation of an illegal search or seizure must be suppressed as "fruit of the poisonous tree," unless the Government shows that there was a break in the chain of events sufficient to refute the inference that the evidence was a product of the Fourth Amendment violation. *See Brown v. Illinois*, 422 U.S. 590, 602–04 (1975); *Wong Sun v. United States*, 371 U.S. 471, 484–88 (1963). "While the fruit of the poisonous tree doctrine applies only

when the defendant has standing regarding the Fourth Amendment *violation* which constitutes the poisonous tree … the law imposes no separate standing requirement regarding the *evidence* which constitutes the fruit of that poisonous tree." *United States v. Olivarez-Rangel*, 458 F.3d 1104, 1117 (10th Cir. 2006); *cf. United States v. Hernandez*, 193 F. App'x 338, 342 (5th Cir. 2006) (distinguishing between direct assertion of another's rights, and assertion of a co-defendant's statement that was the fruit of one's own arrest); *see also United States v. Beard*, No. 3:20-cr-0567, 2022 WL 1321549, at *4 (N.D. Tex. May 3, 2022); *United States v. Fields*, No. 20-cr-76, 2021 WL 3215089, at *2 (M.D. La. July 29, 2021); *United States v. Dupree*, No. 12-cr-1165, 2012 WL 13081895, at *4 (D.N.M. Oct. 24, 2012) (*Wong Sun v. United States*, 371 U.S. at 473-76, 484-88)

Here, the Government has not met its burden to show a break in the chain of events between the violation and the fruits. Mr. Rios's detention resulted in his two passengers making statements to EPPD. *Cf. United States v. Rangel-Portillo*, 586 F.3d 376, 383 (5th Cir. 2009) (vacating suppression denial of discovery of aliens and other fruits of unlawful seizure in § 1324 case); *see also United States v. Olivares-Pacheco*, 633 F.3d 399, 400–01 (5th Cir. 2011) (same). Because the statements were obtained during the unlawful detention, there was no break in the chain of events between the detention and the passenger's statements, and the statements are therefore suppressible. *See Brown*, 422 U.S. at 602–04.

The issue is likely academic as out-of-court testimonial statements made by other individuals will not be admissible at trial against Mr. Rios under the Confrontation Clause. *See Lilly v. Virginia*, 527 U.S. 116, 126-39 (1999); *see also Crawford v. Washington*, 541 U.S. 36 (2004). But the passengers' statements are fruits of Mr. Rios unlawful detention and are, therefore, suppressible because the Government has not shown a break in the chain of events to refute the

inference that it was a product of the violation. *See United States v. Rivas*, 157 F.3d 364, 368 (5th Cir. 1998).

**b. <u>The identity evidence should be suppressed</u>**

While such an argument is foreclosed in the Fifth Circuit, Mr. Rios objects to the failure to suppress identity evidence and wishes to preserve such an argument for appeal.

There is a split amongst the circuits as to whether identity evidence can be suppressed, based on different readings of *INS v. Lopez-Mendoza*. 468 U.S. 1032 (1984)(finding that identity evidence was not suppressible in a civil deportation hearing). Based on its interpretation that *Lopez-Medina* governs both civil *and* criminal settings, the Fifth Circuit has held that identity information is never suppressible. *See United States v. Roque-Villanueva*, 175 F.3d 345 (5th Cir. 1999); *United States v. Navarro-Diaz*, 420 F.3d 581 (6th Cir. 2005); *United States v. Bowley*, 435 F.3d 426 (3rd Cir. 2006)[1].

Several other circuit courts, however, have disagreed, finding that identity evidence is suppressible in criminal proceedings. *See United States v. Oscar-Torres*, 507 F.3d 224, 230 (4th Cir. 2007), *United States v. Olivares-Rangel*, 458 F.3d 1104, 1112 (10th Cir. 2006);d *United States v. Guevara-Martinez*, 262 F.3d 751, 754-55 (8th Cir. 2001). Mr. Rios agrees with the Fourth, Tenth, and Eighth Circuits that identity evidence is suppressible and therefore, makes this objection to the failure to suppress his identity evidence.

[1] The Ninth Circuit has developed a narrower definition of "identity": solely who a person is. *United States v. Ortiz-Hernandez*, 427 F.3d 567 (9th Cir. 2005). Under that definition, the court held that identity evidence is not suppressible. *Id.* However, fingerprints taken at the arrest for another crime can be suppressible because they are not identity evidence. *Id.*

## CONCLUSION

FOR THESE REASONS, Defendant prays that this Court accept all the Magistrate Judge's R&R except for the findings as to the suppressibility of the passenger's statements and identity evidence.

Respectfully Submitted,

Maureen Scott Franco
Federal Public Defender

/S/
SANDRA STRELZIN LEWIS
Assistant Federal Public Defender
Western District of Texas
Richard C. White Federal Building
700 E. San Antonio, D-401
El Paso, Texas 79901
(915) 534-6525
*Attorney for Mr. Rios*

## CERTIFICATE OF SERVICE

I hereby certify that on the 14th day of February, 2025, I electronically filed the foregoing with the Clerk of Courts using the CM/ECF system which will send notification of such filing to the following: AUSA, Adam Hines , Office of the U.S. Attorney, Richard C. White Building, 700 E. San Antonio, Suite 200, El Paso, TX 79901.

/S/
SANDRA STRELZIN LEWIS
*Attorney for Mr. Rios*